*Decision will be entered under Rule 50.*

CLAUDE H. STEVENS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89430. Promulgated December 7, 1938.

*Claude H. Stevens, Esq.*, pro se.
*Philip A. Bayer, Esq.*, for the respondent.

**1316**

[black redaction box]

OPINION.

TURNER: The petitioner contends that this compensation from the city of Highland Park was exempt from Federal income tax by reason of the constitutional limitation upon the power of the Federal Government to tax state instrumentalities. The respondent contends that the petitioner was not an "officer" or an "employee" of the city of Highland Park and for that reason the limitation referred to has no application. Regulations 86, art. 116–2.

The Michigan statutes relating to appointment of officers of municipal corporations[1] provide that the mayor, by and with the consent of the council, shall appoint a city attorney, city marshal, city commissioner, city surveyor, city assessor, and a chief engineer. There is no provision for the appointment of counsel to the city attorney. There is a provision, however, that the council may by ordinance provide for the appointment of other officers whose election or appointment is not by the statutes specifically provided, all such appointments to be made by the mayor by and with the consent of the council. The statute further provides that the powers and duties of such officers shall be prescribed by ordinance and that all officers appointed or elected shall within ten days take and subscribe to the oath of office prescribed by the state constitution. In the instant case the council passed no formal ordinance creating the office or position of counsel to the city attorney, neither is there any ordinance prescribing the duties to be performed. At the most there is a resolution providing that the petitioner "be retained as Counsel to the City Attorney." Furthermore petitioner did not subscribe to the oath required of all municipal officers by the statute and prescribed by the state constitution. *Helvering* v. *Curren*, 90 Fed. (2d) 621, relied on by the petitioner, is clearly distinguishable. We conclude that petitioner was not

---

[1] Michigan Statutes Annotated, vol. 4 (1936), ch. 48, title 5 (Municipalities), secs. 5.1623, 5.1629, and 5.1632, pp. 30, 31, 32, 33, 35.

an officer of the city of Highland Park. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514.

We think it is equally clear that the petitioner was not an employee of the city of Highland Park. His services were not continuous, but were occasional and were not subject to the direction or control of the council or any city official. He was not required to keep regular office hours and had no regular duties. He was free to engage and did engage in general practice of the law and most of his time was devoted to the business of other clients, which business also produced the major portion of his income. It is true that his compensation was fixed and limited and he received it semimonthly, but that fact alone is not sufficient to determine that the relationship between the city of Highland Park and the petitioner was that of employer and employee. In our opinion the facts of record clearly show that the relationship between the petitioner and the city of Highland Park was that of an attorney on retainer from a client and not that of an employee of the city on a salary. *Metcalf & Eddy* v. *Mitchell, supra; Register* v. *Commissioner*, 69 Fed. (2d) 607; *Haight* v. *Commissioner*, 52 Fed. (2d) 779; certiorari denied, 285 U. S. 537; *Burnet* v. *Jones*, 50 Fed. (2d) 14; *Burnet* v. *McDonough*, 46 Fed. (2d) 944; and *J. E. Houston*, 33 B. T. A. 237.

The petitioner being neither an officer nor an employee of the city of Highland Park, we conclude and hold that the compensation in question was not exempt from tax. *Clark McK. Whittemore*, 35 B. T. A. 757; *Howard Ewart*, 35 B. T. A. 692; *George H. Gabel*, 25 B. T. A. 60; *Blair* v. *Byers*, 35 Fed. (2d) 326. Cf. *Sydney R. Wrightington*, 38 B. T. A. 1230.

*Decision will be entered for the respondent.*